UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HENRY L. KLEIN**                                       **CIVIL ACTION**

**VERSUS**                                                **NUMBER: 25-1047**

**JENNIFER M. MEDLEY**                                    **DIVISION "5"**

## ORDER

Before the Court is a Rule 59 Motion for New Trial (rec. doc. 39) and request for Oral Argument (rec. doc. 40) filed by plaintiff Henry L. Klein ("Klein"). Having reviewed the pleading and the case law, the Court rules as follows.

### I. Background

On October 23, 2025, this Court issued its Order and Reasons, dismissing all claims asserted by Klein against Judge Jennifer Medley ("Judge Medley"). (Rec. doc. 37). On October 27, 2025, the Court issued a Judgment dismissing without prejudice the claims against Judge Medley in her official capacity for lack of subject matter jurisdiction and dismissing the claims against her in her individual capacity with prejudice on the basis of absolute judicial immunity. (Rec. doc. 38).

On October 30, 2025, Klein filed a Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. (Rec. doc. 39). He also filed a Request for Oral Argument. (Rec. doc. 40). Judge Medley filed her Opposition to the Rule 59 Motion for New Trial and Request for Oral Argument (rec. doc. 41), arguing that, because Klein has failed to meet his burden to prove that the Judgment should be altered in any way, his Motion and Request should be denied. Klein then filed a Reply to Opposition and 28 U.S.C. § 2283 Request seeking a stay of certain state-bar disciplinary proceedings commenced with the Louisiana Office of Disciplinary

Counsel ("ODC") on October 20th by Attorney General Liz Murrill involving certain issues before this Court. (Rec. doc. 42).

## II.   Law and Analysis

The application of Rule 59 depends on the timing of a motion brought under that Rule. *Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (citation omitted). A motion for new trial filed within 28 days of the court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e). *See id.* A motion for new trial filed more than 28 days after the judgment is treated as a Rule 60(b) motion for relief from judgment. *See id.* Plaintiff filed this motion within 28 days of the entry of final judgment. Accordingly, a Rule 59(e) analysis is appropriate.

A motion pursuant to Rule 59(e) "calls into question the correctness of a judgment." *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citations omitted). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Thus, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (citations and internal quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Constr. & Roofing,*

*L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018) (quoting *Templet*, 367 F.3d at 479); *see also Nucor Steel La., L.L.C. v. HDI Glob. Ins. Co.*, 2022 WL 4127161, at *1 (E.D. La. Aug. 9, 2022) (same).

Here, the Court finds that Klein has not satisfied the stringent standards of Rule 59(e) to alter or amend this Court's order granting dismissal of his case. In Plaintiff's motion for a new trial and the reply to opposition, he offers no new evidence, no new arguments, and no legal theories to support the granting of a new trial. Again, Plaintiff has filed hard to follow pleadings with different fonts, typefaces, and sizes that are painfully repetitive and argue legal and factual issues that are not part of this case.[1]

Klein has asserted no new argument addressing the fact that he cannot manufacture jurisdiction in this Court to pursue claims against a sitting state-court judge entitled to Eleventh Amendment immunity and absolute judicial immunity. Instead, he offers only conclusory statements that "[i]t was manifest error for the Court to dismiss the case against [Judge Medley] summarily [and] [i]t was also manifest error to deny discovery in a 42 U.S.C 1983 case where there were no "rulings" made by [Judge Medley]." (Rec. doc. 39). Without specifically addressing how the Judgment or Order and Reasons was manifestly erroneous, he has only rehashed the same arguments that have already failed in this Court.

Additionally, Klein spends much of his reply discussing his disapproval with Attorney General Liz Murrill's filing of a bar complaint against him for pleadings filed in this case. Instead of addressing any of the arguments raised by Defendant in her opposition, he asks this Court for a stay of those disciplinary proceedings. Klein argues that he deserves "protection" from the complaint submitted to the ODC, as it "has fomented character

---

[1] *See* Rec. Docs. 39-3,4,5. Klein filed with his motion 78 pages of exhibits. Of these attachments, most are not particularly relevant or applicable. Of the handful that might arguably be applicable, none is properly connected to any argument made by Klein by any cogent legal analysis.

3

assassination meant to silence a lawyer who had devoted seven years to exposing post-FNBC corruption at his peril and with no recompense." (Rec. doc. 42).  A party cannot seek a stay of any sort of proceedings in a reply brief for the simple reason that such a request is one for affirmative relief that must be presented to the Court through a formal, properly-noticed motion, not a responsive pleading.  *See* 29 C.F.R. § 2200.40; 29 C.F.R. § 2200.63.  Moreover, even if filed properly, the request would not be granted.  A federal district court does not have the authority to stay state-bar disciplinary proceedings in circumstances such as these.

It is clear – an aggrieved state-court loser cannot run to federal court simply because he suspects that any state appellate efforts he undertakes will be unsuccessful.  Klein has not shown that the Court committed manifest error in its application of the law, nor is there any new evidence presented by Plaintiff that would justify an alteration of the Court's previous findings.

Finally, Klein's Request for Oral Argument is based on his assertion that "oral argument will allow vital colloquy so that any misimpressions the Court may have can be assuaged."  The Court suffers from no misimpressions about this case and needs no such assuaging.  (Rec. doc. 40).  Nothing Klein has said verbally or in writing has been persuasive in overcoming the jurisdictional bar to the claims he seeks to pursue in this Court.  The Court has afforded Plaintiff multiple opportunities to present *specific* allegations that would permit it to find a jurisdictional anchor that would allow him to pursue claims against a sitting state-court judge entitled to both Eleventh Amendment immunity and absolute judicial immunity, and it is clear by now that he cannot do so.

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for New Trial (rec. doc. 39) and the Motion for Oral Argument (rec. doc. 40) are both **DENIED.**

New Orleans, Louisiana, this  21st  day of                November               , 2025.

                                    **MICHAEL B. NORTH**
                              **UNITED STATES MAGISTRATE JUDGE**